United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20833
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ELISEO SAUCEDO-VASQUEZ,
also known as Cuauthtemoc Saucedo-Vasquez,
also known as Vincent Bello,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-576-ALL
--------------------

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Eliseo Saucedo-Vasquez (Saucedo) appeals his sentence
following his guilty-plea conviction for aiding and abetting the
transportation of illegal aliens within the United States for
commercial advantage and private financial gain, and causing
an alien's death, in violation of 8 U.S.C. § 1324(a)(1) and
18 U.S.C. § 2.  He argues that the district court erred in
increasing his offense level by eight levels pursuant to U.S.S.G.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

§ 2L1.1(b)(6)(4) because the district court failed to make a finding that he acted recklessly in creating a threat of serious bodily injury or death.

Section 2L1.1(b)(6) of the Sentencing Guidelines provides, "If any person died or sustained bodily injury, increase the offense level according to the seriousness of the injury." Section 2L1.1(b)(5) provides for a sentence enhancement "[i]f the offense involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person." That U.S.S.G. § 2L1.1(b)(6) does not specify reckless conduct as a requirement for the enhancement, while U.S.S.G. § 2L1.1(b)(5) specifies it, is a clear indication that reckless conduct is not necessary for an increase under U.S.S.G. § 2L1.1(b)(6). See United States v. Garcia-Guerrero, 313 F.3d 892, 895 (5th Cir. 2002).

Because Saucedo has failed to demonstrate any error, plain or otherwise, in the district court's application of the U.S.S.G. § 2L1.1(b)(6)(4) enhancement, the district court's judgment is AFFIRMED.